*14-4465-cv*
*Kishia Bright et al. v. Coca-Cola Refreshments USA, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand fifteen.

Present:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge*.[*]

_____

KISHIA BRIGHT, RAMON HERNANDEZ, SEGUNDA LOPEZ, GUILLERMO NUNEZ, ISAAC OLABANJO, LUIS RODRIGUEZ, JOSE SANCHEZ, JOHNNY SMALL, JOHN TINDAL, DAVE VILCEUS, SANDRA WALKER, DIANE WORRELL,[†]

> *Plaintiffs-Appellants*,

DAVID ALVAREZ, FRANKLIN AULD, JAMES BARNES, MICHAEL MCCRAE,

> *Plaintiffs*,

> v.                                                                      14-4465-cv

COCA-COLA REFRESHMENTS USA, INC.,

> *Defendant-Appellee*.

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.
[†] The Clerk of Court is directed to amend the caption as set forth above.

| For Plaintiffs-Appellants: | HOWARD R. BIRNBACH, Esq., Great Neck, N.Y. |
|---|---|
| For Defendant-Appellee: | ELISE M. BLOOM, Mark D. Harris, Gregory I. Rasin, Jacquelyn Weisman, Stacey P. Eilbaum, Proskauer Rose LLP, New York, N.Y. |
| | Michelle A. Annese, Proskauer Rose LLP, Newark, N.J. |
| | Bradford G. Harvey, David B. Kessler, Miller & Martin PLLC, Chattanooga, Tenn. |

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Ramon Hernandez, Segunda Lopez, Guillermo Nunez, Isaac Olabanjo, Luis Rodriguez, Johnny Small, John Tindal, Dave Vilceus, Sandra Walker, and Diane Worrell (together, "Appellants") appeal from the amended judgment of the district court (Cogan, *J.*) dated November 6, 2014, granting summary judgment and dismissing this employment discrimination case.[1]   In separate orders dated July 21, 2013, September 13, 2013, November 21, 2013, December 6, 2013, and November 3, 2014, the district court granted summary judgment as to each Appellant in favor of Defendant-Appellee Coca-Cola Refreshments USA, Inc. ("CCR").   We assume the parties' familiarity with the issues on appeal, which we describe here only as necessary to explain our decision to affirm.

## I.     Background

Appellants are all current and former employees of CCR, working in two facilities in New York: one in Elmsford, Westchester, and the other in Maspeth, Queens.   Each worked in

---

[1] Of the sixteen Plaintiffs who brought the action, five stipulated to a dismissal with prejudice: on February 11, 2013, David Alvarez; on November 8, 2013, Franklin Auld; on November 8, 2013, Jose Sanchez; on November 12, 2013, Michael McCrae; and, on November 21, 2013, James Barnes.   Alvarez, Auld, and McCrae discontinued their actions, and Barnes and Sanchez ultimately settled.   Kishia Bright joined the notice of appeal but declined to pursue the appeal.

various capacities in the production and transportation departments in the two facilities. Each identifies as Hispanic, African American, or black. All except Nunez are union employees and are subject to a collective bargaining agreement between CCR and the Soft Drink Workers' Union, Local 812, International Brotherhood of Teamsters.

The Complaint alleges that an "endemic culture of racism" existed at CCR and that Plaintiffs "suffered from the worst of its ills." A182. Appellants brought claims of racial discrimination, hostile work environment, and retaliation under the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.* ("SHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* ("CHRL").[2]

Each Plaintiff's discrimination claim is distinct, citing particular incidents of alleged racial discrimination. Broadly, however, the incidents can be characterized as involving alleged instances of disparate job assignments (such as receiving clean-up duty or more frequent assignments to certain "undesirable" machines), failures to promote, disparate training opportunities, and disparate evaluation and disciplinary practices.

The hostile work environment claims are based on a number of comments or incidents witnessed first- or second-hand by Appellants. These cited incidents vary widely both in time and substance. Many of the comments and incidents complained of are inappropriate for the workplace, but do not appear to carry any racial connotation. Others, however, are more serious, especially one 2011 incident involving a handwritten racial slur discovered in a men's bathroom. Although CCR investigated the incident and took various remedial actions, it never identified the culprit.

---

[2] The case, originally filed in state court, was removed to federal court on January 18, 2012.

Hernandez, Nunez, and Walker also bring retaliation claims under the SHRL and the CHRL. Hernandez claims he suffered retaliation on the basis of a complaint he made to a manager about the vacation-selection system and a complaint he made to the human resources department ("HR") about a co-worker using a racial slur. Nunez claims that he suffered retaliation because he was the "ringleader" of this law suit. A690-91. Last, Walker claims she suffered retaliation for filing a claim with the Equal Employment Opportunity Commission and for making a complaint to HR.

## II. Discussion

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005). A grant of summary judgment is proper only if there is no genuine issue as to any material fact in the record, and if the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "An issue of fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A material fact is one that "might affect the outcome of the suit under the governing law." *Id.*

After a close and rigorous review of this extensive record, we conclude that the district court did not err in its grants of summary judgment. We have reviewed each of the allegations and Appellants' arguments on appeal, but find them to be without merit, for substantially the same reasons outlined in the district court's detailed and well-reasoned orders granting summary judgment.

4

One issue, which is a principal focus of Appellants' arguments on appeal, merits further discussion here—namely, that the district court erred in not considering the new affidavits submitted by each plaintiff below to support the opposition to CCR's motion for summary judgment. These affidavits, all from April and May 2013, add numerous allegations and incidents for the district court to consider. The district court determined that the affidavits were not properly considered, concluding that "Plaintiffs cannot testify in deposition that they have identified all of the facts underlying their claims, and then submit an affidavit in which they happen to recollect other key facts." A4136. To that end, the district court did "not consider any facts that plaintiffs . . . added to their claims by affidavit in contradiction to their depositions." *Id.*

It is "well-settled in this circuit that a party may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony." *Trans-Orient Marine Corp. v. Star Trading & Marine, Inc.*, 925 F.2d 566, 572-73 (2d Cir. 1991). The rule, of course, is not absolute. For example, a subsequent affidavit may reveal a material issue of fact if the affidavit "amplifies or explains, but does not merely contradict, [the] prior testimony." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996).

Here, the new affidavits did not amplify prior testimony. These affidavits simply contradicted Plaintiffs' previous answers squarely stating that they had provided a complete account of the incidents supporting their claims. Appellants argue that the district court effectively penalized poor recollection. But that argument is unavailing. Multiple deponents—not just one—added new allegations in the wake of CCR's motion for summary judgment. Prior to this motion, not a single plaintiff sought to correct his or her deposition

5

testimony with regard to new allegations. This was not a case where, after the motion for summary judgment, a few deponents came forward with a single, specific incident that they previously overlooked. Rather, they each added numerous incidents to his or her claims, many involving second- or third-hand reports of comments that in any event would constitute inadmissible hearsay. Indeed, Walker added no fewer than twelve additional incidents to support her hostile work environment claim. As the district court noted, the practice of adding new allegations only after the close of discovery and a motion for summary judgment "'greatly diminish[es] the utility of summary judgment,'" A4136 (quoting *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969)), and compromises the district court's ability to identify genuine issues of fact.

## III.    Conclusion

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6